#$400

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 26 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

KATE GOSSELIN )
 )
Plaintiff, ) CIVIL ACTION
 )
v. ) NO.: 13  4989
 )
JONATHAN K. GOSSELIN, ) JURY TRIAL DEMANDED
 and )
ROBERT HOFFMAN )
 and )
JOHN AND JANE DOES 1-20 )
 )
Defendants. )

## COMPLAINT

Plaintiff, Katie I. Gosselin ("Kate" or "Kate Gosselin"), by and through her attorneys, Mulvihill & Rushie LLC and Randazza Legal Group, brings this action against Jonathan K. Gosselin ("Jon" or "Jon Gosselin"), Robert Hoffman ("Hoffman"), and John and Jane Does 1-20 and allege violations of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA") and other statutes. In support of her claims, Plaintiff state the following:

### PRELIMARY STATEMENT

Kate Gosselin and Jon Gosselin became a household sensation after giving birth to sextuplets in 2004. The couple starred on the popular reality show "Jon and Kate Plus 8." Jon & Kate Plus 8 (renamed Kate Plus 8 for the sixth season) is a television reality series which aired from April 4, 2007 until September 12, 2011. In 2009, Jon and Kate separated in a very high profile and public divorce. Kate is currently a single mother raising eight children.

After the couple was separated, Jon illegally hacked into Kate's email account, and her phone, and bank accounts. Jon also stole a hard drive from Kate's house, which contained private and

1

confidential material. Jon then gave the contents of Kate's email account and the hard drive, all of which were acquired illegally, to his friend and business partner, tabloid reporter Robert Hoffman. Hoffman used the illegally acquired data to publish a defamatory book about Kate called "Kate Gosselin: How She Fooled The World." The book was removed from large distributors like Amazon.com because the information was obtained illegally. Nevertheless, the damage was done with the release of the personal and private information, and the defendants continue to possess this illegally obtained private information.

## THE PARTIES

1. Plaintiff, Kate Gosselin is an adult individual residing in Sinking Spring, PA.

2. Defendant, Jon Gosselin, is an adult individual residing in Wyomissing, PA.

3. Defendant, Robert Hoffman, is an adult individual residing in Reading, PA 19611-1120.

4. Upon information and belief, Defendants John and Jane Does 1 through 20 are individuals whose names and addresses of residences are unknown.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, a federal question is at issue, based upon the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 whereas a federal question is at issue, based upon the Computer Fraud and Abuse Act, 28. U.S.C. §1030.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1367, based upon the pendent and ancillary jurisdiction of this Court.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as all of the parties reside within the Eastern District of Pennsylvania.

**FACTUAL ALLEGATIONS**

9. In April 2007, Kate Gosselin and her husband Jon Gosselin became celebrities after giving birth to six children in 2004, in addition to their previous two children. In total, Jon and Kate Gosselin had eight children.

10. The couple starred in the reality television series "Jon and Kate Plus 8."

11. In 2009, the couple separated in a high profile and public divorce.

12. Around the same time, Jon began accessing Kate's password protected email account without her authorization.

13. Jon knew he did not have authorization to access this e-mail account.

14. Jon also began accessing Kate's online banking accounts without her authorization, and knew he did not have authorization to access these accounts.

15. Jon also accessed Kate's cellphone without her authorization.

16. Jon also stole a hard drive from Kate's house, which contained protected, private and confidential material.

17. On information and belief, the contents of this hard drive were provided to Robert Hoffman and the John Doe defendants.

18. The information contained in Kate's email account, online bank accounts, and cellphone is confidential.

19. The information contained in Kate's email account, online bank accounts, and cellphone has independent value because of Kate's celebrity status.

20. At all times relevant to the Complaint, the above accounts were protected by a password.

21. At no point did Kate Gosselin give her password to Jon Gosselin or anyone else.

22. At no point was Jon Gosselin or anyone else authorized to access Kate Gosselin's protected email account, online bank accounts, or cellphone.

23. On information and belief, Jon has continued to access Kate's email account, online banking account, and cellphone.

24. On information and belief, Jon's unauthorized access to known password protected accounts through the Internet has been continuous and systematic.

25. At some point in time, Jon Gosselin and tabloid reporter Robert Hoffman became close friends.

26. Hoffman publicly described his ongoing friendship with Jon Goesslin and even bragged he was in possession of 5,000 family photos, personal documents, tax and business records plus contracts – on information and belief, they were acquired from Jon Goesslin, and were acquired with the knowledge that Jon obtained them illegally.

27. At a time currently unknown that will be uncovered in discovery, Jon Gosselin disseminated the information he obtained from hacking Kate Gosselin's email account, bank records, computer and cellphone to Defendant Robert Hoffman.

28. The Defendants then published the information that Jon Gosselin illegally obtained in several publications.

29. Hoffman knew his activities were unlawful, and at one point even told Radar Online: "I'll be sued by one or more parties before this is over[1]."

30. Hoffman falsely claimed in certain publications that he recovered the data from Kate's

---

[1] http://radaronline.com/exclusives/2012/09/kate-gosselin-book-removed-amazon-jon-gosselin-pal-author-robert-hoffman/

4

computer by digging through her trash that he found on the street. This demonstrates his knowledge that the materials were obtained illegally, as it is a sign of an attempt to cover up his unlawful activities. The materials in his possession could not possibly be physically found in paper format to that extent. If Hoffman was picking through trash on the street, he did not find this trove of personal information while engaging in his trash-picking endeavors.

31.    In reality, Hoffman, Jon Gosselin, and Does 1-20, hacking in concert and on one another's behalf, hacked into Kate Gosselin's various accounts and disseminated the illegally obtained information.

32.    Hoffman and Jon Gosselin were paid by various tabloids to supply them with stories painting Kate Gosselin in a poor light.

33.    Hoffman and Jon Gosselin then used the stolen information and distorted the facts to make stories more salacious for the tabloids, which equated to higher payouts for their information.

34.    Hoffman further used the illegally obtained information obtained from Jon Gosselin to publish a book about Kate called "Kate Gosselin: How She Fooled The World" in 2012.

35.    Hoffman's book contained defamatory and untrue information about Kate Gosselin, along with information that painted Kate in a false and negative light.

36.    Amazon.com pulled "How She Fooled The World" just two days after it was published, in part due to the fact it relied on false information, and information Hoffman obtained illegally.

37.    On information and belief, Defendants Hoffman, Jon Gosselin, and Does 1-20 illegally accessed Kate's computer's confidential data, and then conspired among each other to spread false, defamatory, and unflattering information about Kate Goesslin for the purpose of profiting from the book and the tabloid publications.

## COUNT I
## VIOLATIONS OF 18 U.S.C. § 1030(g)

38. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

39. Plaintiff asserts this Count against Defendants, jointly and severally pursuant to § 1030 of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

40. Section 1030 provides in the relevant part:

> (a) Whoever-
> * * * * *
> (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains-
> (C) information from any protected computer if the conduct involved an interstate or foreign communication;
> * * * * *
> shall be punished as provided in subsection (c) of this section.
> (b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.
> * * * * *
> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. . ... No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

41. The term "protected computer" includes "a computer ... which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).

42. Within this section, the term "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6).

43. Kate Gosselin's email account, bank accounts, and cellphone were protected by passwords and constitute "protected computer(s) as defined in 18 U.S.C. § 1030.

6

44. At no time did Jon Gosselin, nor anyone else, have legal permission or lawful access to Kate Gosselin's protected email account, online bank account, or cellphone.

45. At no time had Jon Gosselin, nor anyone else, been given a password or authority to access these accounts.

46. By accessing Kate's password protected email account, cellphone, and online bank records without authorization, each Defendants unlawfully accessed a protected computer without authorization, and/or accessed a protected computer in excess of any authorization as prohibited by 18 U.S.C. §1030.

47. Defendants accessed Kate Gosselin's computer and computer services without authority to do so and in doing so, caused in excess of $5,000 worth of damage.

48. Since the Defendants were not authorized to access Kate Gosselin's email account, online bank account, and cellphone, they exceeded the scope of their authorized access (which was no authority to access it whatsoever).

49. By virtue of the foregoing, Defendants are liable to Plaintiff for their violations of § 1030 of the CFAA.

50. Defendants actions complained of herein were conscious, intentional, wanton and malicious entitling Plaintiff to an award of punitive damages.

51. Plaintiff has no adequate remedy of law for Defendants' continued violation of the CFAA and thus requires the imposition of both an award for damages and injunctive relief.

## COUNT II
## VIOLATIONS OF 18 U.S.C. § 2511

52. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

53. Plaintiff asserts this Count against all Defendants, jointly and severally, pursuant to §§2511 the Electronic Communications Protection Act ("ECPA").

54. Section 2511 of the ECPA provides in part:

> (1) Except as otherwise specifically provided in this chapter any person who-
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept, or endeavor to intercept, any ... electronic communications;
> * * * * *
> (d) intentionally uses, or endeavors to use, the contents of any ... electronic communication knowing or having reason to know that the information was obtained through the interception of a[n] ... electronic communication in violation of this subsection;
> ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

55. Section 2520 of the ECPA provides in part:

> (a) In general. -Except as provided in section 2511 (2)(a)(ii), any person whose ... electronic communication is intercepted ... or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.
> (b) Relief.-In the action under this section, appropriate relief includes -
>
> (1) such preliminary and other equitable or declaratory relief as may be appropriate
> (2) damages under subsection (c) and punitive damages in appropriate cases; and
> (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

56. Section 2510 of the ECPA, setting forth the definitions of the terms in § 2511, defines "person" to include "any employee, or agent of the United States or any State or political subdivision thereof...." 18 U.S.C. § 2510(6). Accordingly, each Defendant is a "person" within the meaning of § 2511.

8

57. Section 2510 defines "electronic communication" to include "arty transfer of signs, signals, writing, imaging, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic, or photo optical system that affects interstate or foreign commerce, ..." 18 U.S.C. § 2510(12). Accordingly, the emails, cellphone data, and bank records complained of constitute an "electronic communication" within the meaning of § 251.1.

58. Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action. 18 U.S.C. § 2510(5).

59. The software/hardware used by the Jon to access the Kate's email account, bank accounts, and cellphone complained of constitute an "electronic ... device" within the meaning of 18 U.S.C. § 2510(5). By using said software/hardware to secretly obtain Kate's emails, bank account records, and cellphone, each Defendant "intercepts" that communication within the meaning of § 2511. By virtue of the foregoing, Plaintiff is a "person whose ... electronic communication is intercepted... or intentionally used in violation of this chapter" within the meaning of § 2520.

60. By virtue of the foregoing, Defendants are liable to Plaintiff for their violations of §§ 2511 and 2520 of the ECPA.

61. Since Plaintiffs first learned of Defendants' unlawful activities only recently, this action is timely and not beyond ECPA's applicable statue of limitations.

62. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiff to an award of punitive damages.

63. Plaintiff has no adequate remedy at law for Defendants continued violation of the ECPA.

## COUNT III
## VIOLATIONS OF 18 U.S.C. § 2701

64. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

65. Section 2701 of the Stored Communications Act ("SCA") provides, in pertinent part:

> Except as provided in subsection (c) of this section, whoever-
> 1) intentionally accesses without authorization a
> facility through which an electronic communication service IS
> provided; or
> 2) intentionally exceeds an authorization to access that
> and thereby obtains, alters or prevents authorized access to a wire
> or electronic communication while it is in electronic storage in
> such system shall be punished as provided in subsection (b) of this
> section.

66. Section 2711 of the SCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system that affects interstate or foreign commerce...." 18 U.S.C. §§ 2711, 2510(12). Accordingly, emails, bank account information, and cellphone complained of are "electronic communications" within the meaning of the SCA.

67. Section 2711 of the SCA defines "person" to include "any employee, or agent of the United States or of a State or political subdivision thereof, and any individual, partnership, association...." 18 U.S.C. §§ 2711, 2510(6). Accordingly, all Defendants are "persons" within the meaning of the SCA.

68. Section 2711 of the SCA defines "electronic storage" to include "any temporary intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof. ..." 18 U.S.C. §§ 2711, 2510(17)(A).

69. Defendants' use of the software/hardware to remotely access the email account, bank accounts, and cellphone complained of and to obtain their images constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA.

70. Section 2701(b) of the SCA provides punishment in those instances where the unauthorized acquisition of stored electronic communications was not done for commercial gain or advantage of "a fine under this title or imprisonment for not more than six months, or both...." 18 U.S.C. § 2701 (b)(B).

## COUNT IV
## VIOLATIONS OF PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT (18 PA. C.S.A. § 5101, *ET. SEQ.*)

71. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

72. Section 5703 of the Pennsylvania Wiretapping and Electronic Surveillance Act ("PWESA") states in pertinent part:

> Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:
> 1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or aural communication;

73. Section 5702 of the PWESA defines "intercept" to include the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. C.S.A. § 5702.

74. Section 5702 of the PWESA defines "electronic communications" to include "any transfer of signs, signals, writing, images, ... transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system...." 18 Pa. C.S.A. § 5702.

75. Section 5702 of the PWESA defines "person" as "any employee, or agents of the United

11

States or any state or political subdivision thereof...." 18 Pa. C.S.A. § 5702.

76. Pursuant to § 5702 of the PWESA, Defendants are "persons" within the meaning of the Act, and Defendants' conduct with respect to the emails, online bank account records, and cellphone complained of constitutes an interception of electronic communications violative of the PWESA.

77. Pursuant to § 5725 of the PWESA:

> Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:
>
> 1) Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation, or $1,000.00, whichever is higher.
>
> 2) Punitive damages.
>
> 3) A reasonable attorney's fee and other litigation costs reasonably incurred.

78. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

79. At all times, and pursuant to the common law of Pennsylvania, Plaintiff had a reasonable expectation of privacy with respect to her password-protected email account, online bank accounts, and cellphone.

80. Plaintiff was never informed that the Defendants had accessed her accounts at the time of their unlawful access.

## COUNT V
### IDENTITY THEFT UNDER 18 Pa.C.S. § 4120

81. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth

12

herein.

    82.    18 Pa.C.S. § 4120 states in pertinent part:

> A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose.

    83.    42 Pa.C.S. § 8315 provides:

> In a civil action based on identity theft, as defined in 18 Pa.C.S. § 4120 (relating to identity theft), a court of competent jurisdiction may award damages as follows:
> (1) Actual damages arising from the incident or $500, whichever is greater. Damages include loss of money, reputation or property, whether real or personal. The court may, in its discretion, award up to three times the actual damages sustained, but not less than $500.
> (2) Reasonable attorney fees and court costs.
> (3) Additional relief the court deems necessary and proper.

    84.    By illegally accessing Kate's password-protected email accounts, password-protected online bank accounts, and cellphone, and then disclosing their contents to a book publisher, and using this highly-sensitive and unlawfully obtained information to publish an untrue book defaming Kate, the Defendants possessed and used Kate Gosselin's identifying information without her consent and for an unlawful purpose in violation of the identify theft statute.

## COUNT VI
## CIVIL CONSPIRACY

    85.    Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

    86.    Defendants and others conspired together to engage in actions that violated above cited federal and Pennsylvania statutes as described in this Complaint.

    87.    Defendants and others conspired together to commit defamation, invasion of privacy, and other tortious acts against Plaintiffs as described in this Complaint.

    88.    Defendants engaged in numerous overt acts in furtherance of this common purpose,

including but not limited to, actions detailed in paragraphs 12 to 26.

89. Plaintiff was damaged by the actions of the Defendants as set forth in paragraphs 12 and 26.

## COUNT VII
## CONCERTED TORTIOUS ACTION

90. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

91. The Defendants and others did various tortious acts in concert with each other as set forth above in the Complaint.

92. These Defendants' tortious acts were committed pursuant to a conspiracy and scheme to defame Gosselin as set forth above.

93. Jon Gosselin gave substantial assistance and encouragement to the other Defendants and others to engage in the tortious acts as set forth above in the Complaint.

94. Robert Hoffman gave substantial assistance and encouragement to the other Defendants and others to engage in the tortious acts as set forth above in the Complaint.

95. John Does 1-20 gave substantial assistance and encouragement to the other Defendants and others to engage in the tortious acts as set forth above in the Complaint.

96. The Defendants' actions violate the federal and Pennsylvania statutes set forth in this complaint, and also constitute an invasion of Kate Gosselin's privacy.

97. The Defendants conduct was malicious and outrageous as set forth above.

## COUNT VIII
## INVASION OF PRIVACY

98. Plaintiffs repeat and re-allege each and every preceding allegation as if fully set forth herein.

99. At all times material hereto, and pursuant to the common law of Pennsylvania, Plaintiff had a reasonable expectation of privacy with respect to her email account, online banking account, and

cellphone.

100. Plaintiff was never informed of the Defendants' access of her email account, online banking account, and cellphone, nor their intent to publish information obtained from them to defame and harass the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kate Gosselin, request judgment in their favor and against Defendants, Jon Gosselin, Robert Hoffman, and John Does 1-20, jointly and severally, as follows:

1) for compensatory damages;
2) for punitive damages;
3) for liquidated damages pursuant to the PWESA;
4) for attorneys' fees and costs;
5) for declaratory and injunctive relief;
6) for actual damages; and
7) for such other and further relief as this Court deems necessary, just and proper.

**Mulvihill & Rushie LLC**

By: *[signature]*

A. Jordan Rushie
The Fishtown Lawyers
2424 E York Street, Suite 316
Philadelphia, PA 19125
P. (215) 385-5291
F. (215) 525-0909
*Jordan@FishtownLaw.com*

Marc J. Randazza (pro hac vice pending)
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV 89135
702.420.2001
mjr@randazza.com

*Attorneys for Kate Gosselin*

Dated: August 26, 2013

## VERIFICATION

I, **Kate Gosselin**, state that I have personal knowledge of the facts in the above Complaint. I verify that the facts set forth in it are true and correct to the best of my knowledge, understanding, and belief, and on the advice of counsel. I understand that these statements are subject to the penalties of 18 Pa. C.S. § 4904, *Unsworn Falsification to Authorities,* in addition to penalty of perjury under the laws of the United States of America.

Date: August 26, 2013     By: _____
                              Kate Gosselin