UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATE GOSSELIN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13 Civ. 4989 (JLS)<br>) |
| JONATHAN GOSSELIN, ROBERT HOFFMAN, and JOHN AND JANE DOES 1-20 | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

### ROBERT HOFFMAN'S ANSWER TO COMPLAINT

Defendant Robert Hoffman ("Hoffman"), through his undersigned counsel, hereby responds to the allegations of the Complaint, dated August 26, 2013 (the "Complaint") of plaintiff, Kate Gosselin, with the following Answer:

### RESPONSE TO SPECIFIC ALLEGATIONS

1. Denies the allegations of plaintiff's "Preliminary Statement," except admits that plaintiff is the mother of eight children, including sextuplets, admits that defendant Jonathan Gosselin ("Jonathan") had been married to plaintiff, admits that plaintiff and Jonathan are divorced, and admits that plaintiff and Jonathan starred in a popular television reality show called "Jon and Kate Plus 8" or "Kate Plus 8" from in or around 2007 to in or around 2011.

2. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraphs 1 and 2 of the Complaint.

3. Denies the allegations of paragraph 3 of the Complaint, except admits that Hoffman is an adult individual.

4. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 4 of the Complaint.

5. Denies the allegations of paragraph 5 of the Complaint, and refers all questions of law to the Court.

6. Denies the allegations of paragraph 6 of the Complaint, and refers all questions of law to the Court.

7. Denies the allegations of paragraph 7 of the Complaint, and refers all questions of law to the Court.

8. Denies the allegations of paragraph 8 of the Complaint, and refers all questions of law to the Court.

9. Admits the allegations of paragraph 9 of the Complaint.

10. Admits the allegations of paragraph 10 of the Complaint.

11. Admits the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 16 of the Complaint.

17. Denies the allegations of paragraph 17 of the Complaint.

18. Denies the allegations of paragraph 18 of the Complaint, and refers all questions of law to the Court.

19. Denies the allegations of paragraph 19 of the Complaint, except admits that plaintiff is a celebrity and that certain information about her may be of value.

20. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 24 of the Complaint.

25. Denies the allegations of paragraph 25 of the Complaint, except admits that Hoffman and Jonathan have a friendship with one another.

26. Denies the allegations of paragraph 26 of the Complaint.

27. Denies the allegations of paragraph 27 of the Complaint.

28. Denies the allegations of paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief concerning Jonathan's publications, if any.

29. Denies the allegations of paragraph 29 of the Complaint.

30. Denies the allegations of paragraph 30 of the Complaint, except admits that he legally obtained certain information of public interest about plaintiff, including information disposed of by plaintiff.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint.

33. Denies the allegations of paragraph 33 of the Complaint.

34. Denies the allegations of paragraph 34 of the Complaint, except admits that he wrote a book about plaintiff entitled "Kate Gosselin: How She Fooled the World".

35. Denies the allegations of paragraph 35 of the Complaint.

36. Denies the allegations of paragraph 36 of the Complaint.

37. Denies the allegations of paragraph 37 of the Complaint.

38. As and for his response to the allegations of paragraph 38 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 37 of the Complaint.

39. Denies the allegations of paragraph 39 of the Complaint, and refers all questions of law to the Court.

40. Denies the allegations of paragraph 40 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Computer Fraud and Abuse Act.

41. Denies the allegations of paragraph 41 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Computer Fraud and Abuse Act.

42. Denies the allegations of paragraph 42 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Computer Fraud and Abuse Act.

43. Denies the allegations of paragraph 43 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Computer Fraud and Abuse Act.

44. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Computer Fraud and Abuse Act.

47. Denies the allegations of paragraph 47 of the Complaint.

48. Denies the allegations of paragraph 48 of the Complaint.

49. Denies the allegations of paragraph 49 of the Complaint.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Denies the allegations of paragraph 51 of the Complaint.

52. As and for his response to the allegations of paragraph 52 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 51 of the Complaint.

53. Denies the allegations of paragraph 53 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

54. Denies the allegations of paragraph 54 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

55. Denies the allegations of paragraph 55 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

56. Denies the allegations of paragraph 56 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

57. Denies the allegations of paragraph 57 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

58. Denies the allegations of paragraph 58 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

59. Denies the allegations of paragraph 59 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

60. Denies the allegations of paragraph 60 of the Complaint.

61. Denies the allegations of paragraph 61 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Electronic Communications Protection Act.

62. Denies the allegations of paragraph 62 of the Complaint.

63. Denies the allegations of paragraph 63 of the Complaint.

64. As and for his response to the allegations of paragraph 64 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 63 of the Complaint.

65. Denies the allegations of paragraph 65 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Stored Communications Act.

66. Denies the allegations of paragraph 66 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Stored Communications Act.

67. Denies the allegations of paragraph 67 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Stored Communications Act.

68. Denies the allegations of paragraph 68 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Stored Communications Act.

69. Denies the allegations of paragraph 69 of the Complaint.

70. Denies the allegations of paragraph 70 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Stored Communications Act.

71. As and for his response to the allegations of paragraph 71 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 70 of the Complaint.

72. Denies the allegations of paragraph 72 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

73. Denies the allegations of paragraph 73 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

74. Denies the allegations of paragraph 74 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

75. Denies the allegations of paragraph 75 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

76. Denies the allegations of paragraph 76 of the Complaint.

77. Denies the allegations of paragraph 77 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

78. As and for his response to the allegations of paragraph 78 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 77 of the Complaint.

79. Denies the allegations of paragraph 79 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of the Pennsylvania Wiretapping and Electronic Surveillance Act.

80. Denies the allegations of paragraph 80 of the Complaint.

81. As and for his response to the allegations of paragraph 81 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 80 of the Complaint.

82. Denies the allegations of paragraph 82 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of 18 Pa. C.S. §4120.

83. Denies the allegations of paragraph 83 of the Complaint, and refers to the Court all questions of law, including all questions concerning the content, meaning and applicability of 18 Pa. C.S. §8315.

84. Denies the allegations of paragraph 84 of the Complaint.

85. As and for his response to the allegations of paragraph 85 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 84 of the Complaint.

86. Denies the allegations of paragraph 86 of the Complaint.

87. Denies the allegations of paragraph 87 of the Complaint.

88. Denies the allegations of paragraph 88 of the Complaint.

89. Denies the allegations of paragraph 89 of the Complaint.

90. As and for his response to the allegations of paragraph 90 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 89 of the Complaint.

91. Denies the allegations of paragraph 91 of the Complaint.

92. Denies the allegations of paragraph 92 of the Complaint.

93. Denies the allegations of paragraph 93 of the Complaint.

94. Denies the allegations of paragraph 94 of the Complaint.

95. Denies the allegations of paragraph 95 of the Complaint.

96. Denies the allegations of paragraph 96 of the Complaint.

97. Denies the allegations of paragraph 97 of the Complaint.

98. As and for his response to the allegations of paragraph 98 of the Complaint, repeats and re-alleges his responses to the allegations of Paragraphs 1 through 97 of the Complaint.

99. Denies the allegations of paragraph 99 of the Complaint, and refers to the Court all questions of law, including all questions concerning the common law of Pennsylvania with respect to privacy.

100. Denies the allegations of paragraph 100 of the Complaint.

**First Affirmative Defense**

101. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

102. The Complaint is barred, in whole or in part, by governing statutes of limitations.

**Third Affirmative Defense**

103. If and to the extent plaintiff purports to state a claim for defamation, such claim is barred in whole or in part based on the truth of any statements and comments by defendant about plaintiff.

### Fourth Affirmative Defense

104. If and to the extent plaintiff purports to state a claim for defamation, such claim is barred in whole or in part based on the grounds that any statements and comments by defendant about plaintiff constitute constitutionally protected statements of opinion.

### Fifth Affirmative Defense

105. If and to the extent plaintiff purports to state a claim for defamation, such claim is barred in whole or in part on the basis of the qualified and conditional privilege with respect to reporting, commentary and statements by defendant on matters of public interest.

WHEREFORE, defendant requests judgment dismissing the Complaint and awarding to defendant such other and further relief as this Court deems just and proper.

        /s/ James P. Golden\
 James P. Golden\
I.D. Nos. 32169\
HAMBURG & GOLDEN, P.C.\
1601 Market Street, Suite 3310\
Philadelphia, PA  19103-1443\
(215) 255-8590\
goldenjp@hamburg-golden.com

Martin Garbus, Esq. (*pro hac vice* pending)\
Brendan R. Marx, Esq. (*pro hac vice* pending)\
Eaton & VanWinkle, LLP\
3 Park Avenue\
16th Floor\
New York, NY 10016\
bmarx@evw.com\
MGarbus@evw.com\
Telephone: (212) 779-9910\
Facsimile: (212) 779-9928

Dated: September 19, 2013

## CERTIFICATE OF SERVICE

I, James P. Golden, certify that the foregoing answer has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System and that the answer has been served on September 19, 2013, by email and regular mail.

A. Jordan Rushie, Esquire
Mulvihill & Rushie LLC
The Fishtown Lawyer
2424 E. York Street, Suite 316
Philadelphia, PA 19125
Jordan@FishtownLaw.com

Marc J. Randazza, Esquire
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV  89135
mjr@randazza.com

Attorneys for Plaintiff
Kate Gosselin


Shawn E. Tuma, Esquire
BrittonTuma
7161 Bishop Road, Suite 220
Plano, Texas 75024
stuma@brittontuma.com

Richard L. Orwig, Esquire
Orwig Law Offices
2213 Quarry Dr., Suite B001
West Lawn, PA 19609
rlorwig@orwiglaw.com

Attorneys for defendant
Jonathan K. Gosselin


                                           /s/ James P. Golden
                                           JAMES P. GOLDEN

Dated: September 19, 2013


{00011257.DOC;1}